## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America          :      Case No.  1:10-CR-00182

         v.                 :      Judge Robert Holmes Bell

Patrick John Corp                :

### DEFENDANT'S SENTENCING MOTION AND MEMORANDUM
### FOR VARIANCE (18 U.S.C. § 3553; Loc.R. 32.2(g))

All sentences must be substantively reasonable. Patrick John Corp, through counsel, moves for a sentence below the advisory guideline range as being substantively reasonable. The advisory range is significantly greater than necessary to satisfy the statutory objectives of sentencing under 18 U.S.C. § 3553(a) on the facts presented here; Corp's total offense level should be 33, Criminal History Category I, and the guideline range should be 135–168 months.

Sentencing disparities create inherently unfair injustice. The overriding requirement is that the court impose a sentence which is sufficient but not greater than necessary to comply with the factors set out in 18 U.S.C. § 3553(a), especially the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense to promote respect for law and a just punishment, provide deterrence, protect the public, and to help the defendant.  Here, Patrick Corp should not be subject to a sentence of thirty years when most criminals with greater offenses receive lesser sentences, as set out in the pages of cases provided by Corp (exhibit F) and where the history and characteristics of this defendant renders a long sentence inappropriate.

Explosion of sentence length under 2G2.1

The length of the sentence recommended by the sentencing commission has exploded for this offense since 1987, when it was 57 – 71 months, to reach its current level of 188 – 235 months,

as counsel reads the changes they are as follows:

- <u>1987-1989</u> – 2G2.1 sets base offense level at 25, with no applicable modifiers – Corp's sentence range would be 57 – 71 months.

- <u>1990-1996</u> – 2G2.1 sets base offense level at 25, with an additional 2 levels for a minor under the age of 16 – Corp's sentence range would be 70 – 87 months.

- <u>1997-2003</u> – 2G2.1 sets base offense level at 27, with an additional 2 levels for a minor under the age of 16 – Corp's sentence range would be 87 – 108 months.

- <u>2004-present</u> – 2G2.1 sets base offense level at 32, with an additional 2 levels for a minor under the age of 16, plus two levels for commission of a sexual act – Corp's sentence range was be 188 – 235 months.

These lengthy sentences bear no relation to the harm caused to society or the victim, but instead appear entirely to be based upon emotion. When as here the Sentencing Commission fails to fulfill "its characteristic institutional role" of developing a particular guideline, or its later amendments, based upon empirical data, national experience, or some rational policy basis, the district court has the discretion to conclude that the resulting advisory range "yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine-run case." *United States v. Kimbrough*, 552 U.S. 85, 110, 128 S. Ct. 558, 575, 169 L.Ed.2d 481, 500 (2007).

These steady sentencing increases have been adopted without empirical support or adequate consideration of the cumulative effect of overlapping enhancements which are not truly reflective of the defendant's conduct, and despite research showing that shorter sentences, and even alternatives to incarceration, provide adequate deterrence. Accordingly, the resulting guideline ranges should be given minimal weight in this Court's § 3553(a) analysis.

In the twenty years since the Guidelines were first adopted, empirical research has

continued to show that while certainty has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 28 (2006). "Three National Academy of Science panels . . . reached that conclusion, as has every major survey of the evidence." *Id*. *See* Andrew von Hirsch, et al, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999). That report, commissioned by the British Home Office, examined penalties in the United States as well as several European countries. *Id*. at 1. It examined the effects of changes to both the certainty and severity of punishment (available at http://members.multimania.co.uk/lawnet/SENTENCE.PDF) . While significant correlations were found between the certainty of punishment and crime rates, the "correlations between sentence severity and crime rates . . . were not sufficient to achieve statistical significance." *Id.* at 2. The report summarized that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentences is capable of enhancing deterrent effects." *Id*. at 1. Many courts have recognized the absence of empirical evidence supporting the long sentences imposed to §§ 2G2.1 and 2G2.2. *See, e.g., United States v. Bistline,* 665 F.3d 758 (6th Cir. 2012); *United States v. Cunningham*, 669 F.3d 723 (6th Cir. 2012).

The court's duty to impose a sentence, "sufficient but not greater than necessary" to comply with the § 3553 factors, so the sentence must reflect the seriousness of the case, afford adequate deterrence to criminal conduct, and protect the public from further crimes, and those goals can be achieved by a significantly shorter and less expensive sentence than the Guidelines indicate for this offense.

The History and Character of Patrick John Corp

Patrick Corp's father passed away when Corp was three years old. As a result, Corp had

no male role model. In 1999 Corp was prosecuted on charges that he took nude and sexually graphic photographs during a consensual sexual relationship with a 17-year old; Corp was then 23. The sexual relationship was legal, but the photographs were not. The woman appeared in court and testified that she was not a victim but a willing participant; as in the present case, Corp did not distribute any of the photographs.

The trial court sentenced Corp to five months of incarceration, varying from the guideline range of 87 – 108 months. The Sixth Circuit held that because the woman was mere months from being 18, was a willing participant, and the photographs were not distributed, even the five-month sentence imposed on Corp was improper and the conviction was vacated. Corp had not served any prison time and as of the time of the present case had not served any prison time.

After the 1999 case, Corp developed a much greater respect for the law, and made positive adjustments in his life. Corp obtained useful employment, ultimately becoming manager of an equipment rental facility. He had no interaction with the authorities for over ten years. He was in weekly therapy from age 9 to age 23 to help with impulsivity issues, and he has had a positive effect on his community other than in the present case conduct: he has provided shelter and warmth to the homeless, repeatedly assisting in training the police and fire departments with the Jaws of Life, clearing snow for neighbors, and similar acts taken without expectation of any personal benefit.

In the instant case, Corp took nude and sexually graphic photographs during sex with a 15-year old; Corp was then 34 years old. Although here both the sexual relationship and the photographs were illegal, Corp was unaware of the age of the girl. While this is certainly sanctionable, imposing a 30-year sentence is inherently unreasonable, given these facts.

In *United States v. Patzer*, 548 F.Supp.2d 612 (N.D. Illinois, 2008), Judge Gottschall

noted Patzer's decade-long adherence to the law in allowing a below-guideline sentence.  The

temporal gap between Patzer's previous crime and the present incident (similar to that of Corp)

was significant. Patzer's becoming a productive member of society was similar to that of Corp

here: he avoided situations in which there was a possibility of conflict, stopped driving

aggressively, and found meaningful and steady employment. Similarly, in *United States v.

Sanchez*, 517 F.3d 651 (2d Cir. 2008), the court held that the defendant's prior convictions being

over ten years old and present steady employment warranted a downward departure.

In situations such as that presented here, "it is appropriate for a court, when considering

the type of sentence necessary to protect the public and to deter future misconduct, to note the

length of any prior sentence imposed" (*United States v. Patzer*, 548 F.Supp.2d at 617, quoting

*United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D.Wis. 2005). In *Qualls*, Judge Adelman had

noted that, "It is appropriate for a court, when considering the type of sentence necessary to

protect the public and deter future misconduct, to note the length of any previous sentence

imposed. Generally, a lesser period of imprisonment is required to deter a defendant not

previously subject to lengthy incarceration than is necessary to deter a defendant who has already

served serious time yet continues to re-offend" (373 F.Supp.2d at 877). Corp's previous five-

month sentence was 1/36 that of the sentence initially imposed by this Court.

<u>Issues on Remand</u>

<u>Sadism</u>

In the present case, the Sixth Circuit held that the four level enhancement under U.S.S.G.

§ 2G2.1(b)(4) is appropriate only if the photographs themselves depict conduct which constitutes

sadistic or masochistic conduct. The key is that the pain be reflected in the photographs, not in

the air. The question then arises whether a photograph of semen on a face constitutes objectively

sadistic or masochistic conduct. That is limited to the question of whether the four corners of the photograph depict the infliction of pain or humiliation. There are no cases which hold that semen on a smiling woman's face constitutes sadistic behavior; as the Court of Appeals notes, the present case is "an order of magnitude different" from the few cases involving urine or semen in which an enhancement was found proper (668 F.3d 379, 390).

While an objective observer must conclude that photographs of the sexual penetration of prepubescent children and bondage qualifies as sadistic, the present case presents a more difficult problem; the extant cases involve prepubescent children, while in this case the victim was a sexually-active teenager.

Review of Richard Krafft-Ebbing's classic *Psychopathia Sexualis*, reveals long discussion of patients who need to draw blood and engage in other perversions in order to reach climax, but no apparent mention of ejaculation on a face. Urine plays a prominent role in the work, such as with Case 51 involving a technologist known as Mr. X; yet these remain fantasies (p. 138). A review of the term 'humiliation' in that work reveals generally fantasies by impotent men; such is clearly not the case here.

Any humiliation of the victim here was intended to be consensual and legal. The 15-year old victim here met Corp online on *PlentyOfFish.com*, where she had falsely warranted her age as 18 and had used a credit card in order to access the site. Corp's relying upon these indicators of competence was not unreasonable, though he ultimately indicated that he understood that he could have done more to ensure that she was in fact an adult. Corp's profile indicated his interest in photography, and she contacted him repeatedly over several weeks. It was not until well after the events at issue here that she informed Corp that she was younger than she had earlier represented. After their sexual encounter she had continually sought him out on the website and

steered the conversation towards sex. Corp's behavior does not evidence sadism, nor did he seek out a minor; instead he was lied to and failed to detect the lie.

Pattern of Conduct

While the Court of Appeals did find that the issue of whether Corp engaged in a pattern was properly resolved by this Court, Corp still maintains that this is not the case. He insists that the unidentified female with braces was not underage, that he met her only once, and that there is no evidence that he produced the photos. Mere possession of the photographs is not properly a basis for enhancement pursuant to 4B1.5(b). In addition, the photos presently being used to justify the pattern of conduct enhancement were seized in the prior case and were returned to Corp by the police at the conclusion of that litigation as not being illegal contraband where the woman was not a child despite a young appearance.

In the 1999 case, Corp's relationship with his girlfriend was legal; she was 17 and only months away from turning 18, and their relationship developed after she was 16. During that litigation she came to live with Corp, attended every court hearing, and supported him throughout the ordeal (*United States v. Corp*, 236 F.3d 325, 326, fn. 5). This is why he was sentenced to only five months of incarceration, and this fact forms the rationale for the court of appeals decision as well (she "was not an 'exploited child' nor a victim in any real and practical sense in this case," 236 F.3d at 332).

Thus the two purported prior victims are not victims in any sense, where there is no evidence that one is a minor or that Corp photographed her, and where the Sixth Circuit has held that the other was not a victim. That Corp's trial counsel did not contest this enhancement is a demonstration of ineffectiveness rather than of the truth of the government's position. Corp did have a pattern of sexual activity, but that pattern was of sexual activity with consenting adults.

Thus Mr. Corp's total offense level should be 33, and with his Criminal History Category of I, his guideline range should thus be 135 – 168 months.

<u>Comparison of Other Cases since 2004 guideline revision</u>

At Exhibit F is a list of cases exhibiting shorter sentences with more egregious misconduct prepared by Mr. Corp; he submits that it is exhaustive and effectively demonstrates that a 30-year sentence for him would be excessive.

For example, in *United States v. Martinucci*, 561 F.3d 533 (2nd Cir. 2008), a pedophile who produced obscene pictures of himself having sex with a 10-year-old girl was given a 300-month sentence. In *United States v. Bliss*, 252 Fed. Appx. 376 (2nd Cir. 2007), the court approved a 264-month sentence for a defendant who had transported his 9-year old niece across state lines and recorded his abuse of her on a rented camcorder.

The case of *United States v. Himmelreich*, 265 Fed.Appx. 100 (3rd Cir. 2008) involved a defendant who had sexual contact with his six-year-old daughter, took nude photographs of her, and sent copies of the photographs to third parties – he was sentenced to 240 months imprisonment. In *United States v. Kistner*, 2009 U.S. App. Lexis 710 (3rd Cir. 2009), the 54-year-old defendant made recordings of sex with a 15-year-old girl with a mental health disorder, and received a 180-month sentence.

Another relevant case involved a police officer who had and recorded group sex with a 14-year old girl; the court held a 180-month mandatory minimum sentence appropriate, though his guideline range was 324-360 months (*United States v. Meloy,* 568 F.3d 166 (4th Cir. 2009)).

In *United States v. Alfaro*, 555 F.3d 496 (5th Cir. 2009), the defendant produced videos of sex with his 15-year old sister-in-law and was held to be her caretaker, with oral to genital sexual

intercourse and lascivious exhibition of the minor's genitals, intending and attempting to send the videos over the Internet, and was sentenced to 288 months in prison.

*United States v. Heath*, 624 F.3d 884 (8th Cir. 2010) presented a defendant who was a category IV criminal history, who videotaped and had sex with intoxicated 15- and 17-years old girls at his home, and received a 293-month sentence. In *United States v. Humphrey*, 608 F.3d 955 (6th Cir. 2010), the defendant had plied the 15-year old victim with prescription drugs and alcohol and took surreptitious videos of their sexual coupling, and the trial court likewise found a 300-month sentence appropriate.

On the other hand, sentences for long periods are appropriate when the defendant's conduct is far more egregious. For example, a 780-month sentence in *United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008) was appropriate where there were three separate instances in which Vowell raped the 8-year old child on camera, and many other instances which were not filmed. Vowell also intended to sell the videotapes (516 F.3d at 507). Vowell fled upon discovery, stealing cars in an attempt to avoid the consequences of his acts.

In *United States v. Raplinger*, 555 F.3d 687 (8th Cir. 2009), the 457-month sentence was based upon perjury at trial, the victim was handcuffed, and his guideline range called for life imprisonment. Raplinger's co-defendant, whose conduct was much more like Corp's here, received a mere 210 month sentence. Huffstatler's 450-month sentence was based upon his Criminal History Category of VI, and the 14-year old boy did not consent and had asked to leave (*United States v. Huffstatler*, 561 F.3d 694 (7th Cir. 2009)). We do not have any details of the facts in *United States v. Betcher*, 534 F.3d 820 (8th Cir. 2008), which would support the 9000-month sentence; mercifully the court spared us the details, but the decision does reveal that the offense level was 52, leaving a life sentence at Criminal History Category I (534 F.3d at 827).

Application of Guidelines

The cases discussed with more severe sanctions are based upon their extreme nature; the present case offers nothing like them. While Corp here certainly was wrong, his conduct was not so wrongful as to subject him to a 30-year prison sentence. It has been said that mercy is the mark of a great man, especially where *Illuc irem nisi gratiam Dei haberem* (there but for the grace of God go any of us).

This case presents a classic outside-the-heartland situation. The sentencing guidelines fail to properly reflect 18 U.S.C. § 3553(a) considerations, such that this Court may impose a sentence below the guidelines. *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Additional Materials

Additional letters of support for Mr. Corp are attached hereto, including those from his friends Jessica King (exhibit A), Jessica Raddatz (exhibit B), his mother Barbara Corp (exhibit C), aunt and uncle Judy & Jerry Eversole (exhibit D), and sister Julie Morneau (exhibit E). Additionally, Corp has prepared a list of cases in which worse conduct has resulted in sentences below 30 years (exhibit F).

WHEREFORE, Corp moves that the Court find both that the enhancements should not apply, and that is should vary downward from the Guidelines.

Respectfully submitted,

/s Paul Croushore
Paul Croushore, JD, LLM
P.O. Box 19275
Cincinnati, OH 45275
(513) 225-6666
fax (859) 689-0793
croushlaw@fuse.net
Attorney for Patrick John Corp

–10–