UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

- - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,        No.    1:10-CR-182

      vs.                       Hon.  ROBERT HOLMES BELL
                                          U.S. District Judge

PATRICK JOHN CORP,

        Defendant.

_____/

**GOVERNMENT'S CONSOLIDATED SENTENCING MEMORANDUM
AND MOTION FOR AN UPWARD VARIANCE**

    The United States of America by Donald A. Davis, United States Attorney for the Western District of Michigan, and Daniel Y. Mekaru, Assistant United States Attorney, states the following:

**Procedural History**

    On July 15, 2010, Defendant pled guilty to an Information, which charged Defendant with sexually exploiting a child, in violation of 18 U.S.C. § 2251(a).

    On October 15, 2010, the Court convened for sentencing and addressed the unresolved objections to the presentence report. The Court overruled Defendant's objections and denied the parties' respective motions for variance. (R.11: Defendant's Sent. Mem.; R.12: Defendant's Objections to Guideline Scoring; R.13: Mot. for Downward Variance; R.14: Mem. in Support of Mot. for Downward Variance; R.16: Government's Consolidated Sent. Mem. and Mot. for Upward Departure and Variance; and R.31: Sent. Tr.) The guideline range was 360 months to

life, but was capped at 30 years by statute.  The Court sentenced Defendant to 360 months of imprisonment followed by a lifetime term of supervised release, $10,000 fine, and $100 special assessment.  The written judgment was signed and filed on October 21, 2010.  (R.19: Judgment.)

Defendant appealed and raised four grounds for appeal.  First, Defendant's commerce clause challenge was deemed waived.  Defendant raised two guideline issues and lastly a general substantive reasonableness challenge.  The Sixth Circuit affirmed this Court's finding that there was a pattern of abuse, but remanded the case for clarification regarding the application of the enhancement for sadistic and masochistic conduct.  Last, Defendant raised a challenge to the general reasonableness of the sentence.  Because of the remand for the guideline issue, the Sixth Circuit deferred consideration.

**1.      Sadistic and masochistic conduct**

Sections 2G2.1(b)(4) and §2G2.2(b)(4) provide for a four-level enhancement for depictions of sadistic or masochistic conduct.

The Sixth Circuit held that "whether a particular image can be classified as portraying sadistic or masochistic conduct under § 2G2.1(b)(4) is an objective determination." *United States v. Corp*, 668 F.3d 379, 389 (6th Cir. 2012).

> [W]e hold that in order to apply the § 2G2.1(b)(4) enhancement, a sentencing court must determine by a preponderance of the evidence that an image or material (1) depicts sexual activity involving a minor and (2) portrays conduct that would cause an objective viewer to believe—without regard to the undepicted circumstances of the sexual encounter—that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor.

*Corp* at 390.

The Sixth Circuit noted that an adult male ejaculating into the face and open mouth of a

crying baby, and adult males standing over and urinating in the face of a female child warranted application of the enhancement. *See United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001) and *United States v. Turchen*, 187 F.3d 735, 739 (7th Cir.1999). The Sixth Circuit held that the images here, were "an order of magnitude different" and the victim's "expression does not seem to convey what could objectively be perceived as a manifestation of humiliation or disgust." *Corp* at 390. The Sixth Circuit further noted that *Parker* and *Turhen* involved depictions of the *action* being perpetrated, while the image here is of the *result*. *Id.*

The facts noted by the Sixth Circuit are distinctions, but do not change the ultimate conclusion that the image is a depiction of sadistic and masochistic conduct. The distinction between photographing the moment of ejaculation on a victim's face verses the resulting image of the victim's face covered with semen seems to be of little actual difference. And to be clear – there is no ambiguity over what is depicted. Defendant's penis can be seen in the image and the substance on the victim's face is semen. The action of ejaculating on someone's face is degrading and humiliating. The humiliation and degradation is exacerbated by then taking a picture to memorialize the coup de grace. In the context of sadistic and masochistic acts, the spanking of an exposed buttocks would qualify for the enhancement. Is there much quantifiable difference between a depiction of the act spanking verse a depiction of the red and bruised buttocks depicting the results?

The age of the victim, likewise, should not be dispositive. The act of ejaculating on anyone's face is degrading and humiliating, regardless of the age of the victim. It may be more outrageous and offensive if the victim was a toddler or a ninety-year-old invalid, but it is no less degrading to a thirty year-old adult. The fact that S.H. was fifteen does not change the degrading

and humiliating nature of the act.

That the victim is not grimacing in the depiction does not change the fact that the depiction is degrading and humiliating. Furthermore, neither the Government nor the Sixth Circuit have addressed the masochistic nature of the image. Masochism is the couplet to sadism, but it is separate and distinct. Masochism relates to the "derivation of pleasure from being offended, dominated, or mistreated." *Webster's II, New Riverside University Dictionary* at 730. To the extent that the victim, S.H., is expressing pleasure from the humiliation, then the depiction is one of masochism.

This Court correctly applied the enhancement for a depiction of sadistic or masochistic conduct. The Government again supports its application.

**2. Motion for Upward Variance**

If the Court were disinclined to apply the enhancement for depiction of sadistic or masochistic conduct, the offense level would be a 38 and the guideline range would be 235 to 293 months. The Government asks this Court to consider whether an upward variance is appropriate.

Defendant's conduct with S.H. was outrageous. While he only photographed one act of sadistic or masochistic conduct, Defendant subjected the victim to a litany of abuses. He inflicted physical cruelty on S.H. by engaging in anal sex. (PSR ¶ 17). He urinated in S.H.'s mouth and forced her to swallow. "[S.H.] stated she only swallowed it because she was scared and forced to do it. She stated his voice was very scary and demanding." (PSR ¶ 17). None of that conduct is reflected in the offense level.

In addition, Defendant has an extensive criminal history, as detailed in Paragraph 73 to Paragraph 94 of the Presentence Report. Defendant has a history of non-compliance. He

violated the terms of probation in Paragraphs 75 and 83. He has 5 convictions for driving while his license was suspended. This pattern of conduct suggests that Defendant chooses to do what he wants to do and does not follow restrictions and limitations on his life.

Defendant has three convictions for assault and battery. (PSR ¶ 73, 76, and 85). There is an additional incident with an unknown resolution. (PSR ¶ 91). A pattern of assaultive behavior is often evidence of a willingness to use violence to obtain what he or she wants. Defendant used similar physical force to force S.H. to swallow his urine.

None of Defendant's criminal history was assessed any points. Criminal History Category I does not accurately reflect his past criminal behavior or his risk of recidivism. One clear indication of his extremely high risk of recidivism is the fact that this is his second time through the federal criminal justice system. Defendant had the extraordinary good fortune of being given a second chance. Defendant, of all people, should have understood specific deterrence. Rather than change his behavior, he repeated the same offense. Defendant demonstrated that he has no respect for the law.

The facts of this case and the nature and character of this defendant would support an upward variance.

3.      **Reasonableness of the Sentence**

Defendant argued that his sentence was higher than those imposed in other cases. As this Court is well aware, the individualized facts and circumstances of each case make comparisons precarious. For every case with a lesser sentence, there are others that have substantially higher sentences than that originally imposed in this case. *See e.g., United States v. Vowell*, 516 F.3d 503, 511-13 (6th Cir. 2008) (upholding as reasonable a 780-month sentence for a 40-year-old

man who had sexual intercourse with his girlfriend's 8-year-old daughter while being videotaped by his girlfriend); *United States v. Raplinger*, 555 F.3d 687, 695 (8th Cir. 2009) (upholding as reasonable a 457-month sentence for photographing and having sexual intercourse with a 15-year-old girl); *United States v. Huffstatler*, 561 F.3d 694, 698 (7th Cir. 2009) (upholding as reasonable an above-guidelines, 450-month sentence for producing pornographic pictures of a 14-year-old boy); *United States v. Betcher*, 534 F.3d 820, 827-28 (8th Cir. 2008) (upholding as reasonable a 750-year sentence for a first-time offender who had taken pornographic pictures of five 8 to 11 year-old girls, including two of his granddaughters); *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006) (upholding as reasonable a 140-year sentence for abusing and photographing three boys between the ages of 8 and 16 based on consecutive statutory maximums under 18 U.S.C. § 2251(e) and § 2252A(b)(1)); *United States v. Sarras*, 571 F.3d 111 (11th Cir. 2009) (sentence of 1200 months upheld as reasonable in case involving convictions for three counts of child sexual exploitation for production of sexually explicit images by defendant of his thirteen year-old step-daughter and one count of possession of child pornography).

The question is whether, in this case with this particular defendant and facts, a sentence of 30 years is warranted. As discussed above, there ample evidence to support the sentence as originally imposed.

Furthermore, Defendant pleaded guilty to a sex offense in 1999. Based on the current state of the law, that conviction would not have been overturned. Defendant's conviction in 2010 would have been his second sex offense and, by statute, the mandatory minimum for a second offense would be 25 years and the maximum penalty would be 50 years. 18 U.S.C. § 2251(e).

WHEREFORE, the Government supports the Presentence Investigator's calculation of the sentencing guidelines.  If the Court grants Defendant's objection to the enhancement for a depiction of sadistic or masochistic conduct, then the Government asks this Court to consider an upward variance.

                                        Respectfully submitted,

                                        DONALD A. DAVIS
                                        United States Attorney

Dated: May 24, 2012                  /s/ Daniel Y. Mekaru
                                        DANIEL Y. MEKARU
                                        Assistant United States Attorney
                                        PO Box 208
                                        Grand Rapids, MI 49501-0208
                                        (616) 456-2404